UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION
CIVIL ACTION NUMBER _____

| | |
|---|---|
| JEFF MULLEN, as an individual,<br><br>Plaintiff,<br><br>- against -<br><br>CITY OF ST. LOUIS, MISSOURI; LIEUTENANT PIERRE, in his official capacity acting as a police officer for the CITY OF ST. LOUIS, MISSOURI; OFFICER KIM, in his official capacity acting as a police officer for the CITY OF ST. LOUIS, MISSOURI; OFFICER BROWN, in his official capacity acting as a police officer for the CITY OF ST. LOUIS, MISSOURI; and DOES 1-5,<br><br>Defendants. | **PLAINTIFF'S COMPLAINT**<br><br>**JURY TRIAL REQUESTED**<br><br>CIVIL RIGHTS ACTION TITLE 42 U.S.C. § 1983<br><br>DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES |

COMES NOW Plaintiff, JEFF MULLEN, as an individual (hereinafter "Plaintiff"), by and through his counsel, and as his cause of action against Defendants herein, avers as follows:

## INTRODUCTION

1.      Plaintiff brings this action seeking declaratory relief, injunctive relief, and damages to redress deprivations by Defendants, CITY OF ST. LOUIS, MISSOURI; LIEUTENANT PIERRE, in his official capacity acting as a police officer for the CITY OF ST. LOUIS, MISSOURI; OFFICER KIM, in his official capacity acting as a police officer for the CITY OF ST. LOUIS, MISSOURI; OFFICER BROWN, in his official capacity acting as a police officer for the CITY OF ST. LOUIS, MISSOURI; and DOES 1-5 (collectively "Defendants").

2.      On June 29, 2019, the City's officers, agents, and employees threatened to arrest Plaintiff pursuant to Section 3.45 of the City's Code of Ordinances (the "Code"), "The Special Events Frequently Asked Questions (FAQ) and City Departmental Policies" (the "Policies"), and the practices and customs approved by the City for interpreting, enforcing, and applying the City's Code and Policies. Plaintiff challenges the manner in which the Code and Policies were interpreted, enforced, and applied against him pursuant to the training, policies, and practices used by Defendant, CITY OF ST. LOUIS, MISSOURI. Defendant CITY OF ST. LOUIS, MISSOURI trains its officers, agents, and employees to interpret, enforce, and apply the Code and Policies. Plaintiff challenges Defendant, CITY OF ST. LOUIS, MISSOURI's policy, practice, or custom for training its officers, agents, and employees to interpret, enforce, and apply the Code and Policies, and alleges that the training is either erroneous or lacking in proper instruction to avoid violations of Plaintiff's constitutional rights.

3.      This action challenges Defendant, CITY OF ST. LOUIS, MISSOURI's Code and Policies and the practice and/or custom for training (or lack of training for) its officers, agents, and employees to interpret, enforce, and apply (as-applied challenge) the Code and Policies.

4.      This action challenges the interpretation and enforcement (as-applied challenge) of the City's Code and Policies against Plaintiff on June 29, 2019, and seeks injunctive relief to prevent future enforcement of the Code and Policies.

## PARTIES

5.      Plaintiff, JEFF MULLEN, is an adult and brings this action in his personal capacity.

6.      Defendant, CITY OF ST. LOUIS, MISSOURI, is a body politic and corporate located within the State of Missouri and has the ability to sue and be sued. The City has the right,

2

power, privilege, and authority to adopt and enforce the Code and Policies. The City has the right, power, privilege, and authority to train (or fail to properly train) its officers, agents, and employees to interpret, enforce, and apply the Code and Policies and other regulations, and to do and perform all of the acts pertaining to its local affairs. At all material times, the City acted towards Plaintiff under color of the statutes, ordinances, customs, and usage of the City. At all material times, the City was the employer of the City's police officers, including but not limited to LIEUTENANT PIERRE, OFFICER KIM, OFFICER BROWN, and other unknown officers acting to interpret, enforce, and apply the Code and Policies against Plaintiff, and is responsible for the training (or lack thereof), policies, practices, and customs of the St. Louis Metropolitan Police Department ("SLMPD"). The City knew of the unlawful enforcement of the City's Code and Policies alleged herein, and had the power and authority to remedy the unlawful interpretation, enforcement, and application, but failed to do so. The City, by both its acts and failure to act, has ratified the unlawful interpretation, enforcement, and application of the Code and Policies.

7.     Defendant, LIEUTENANT PIERRE, in his official capacity acting as a police officer for the CITY OF ST. LOUIS, MISSOURI, was at all relevant times employed in the SLMPD. LIEUTENANT PIERRE enforced the Code and Policies under color of state law and is sued in his official capacity.

8.     Defendant, OFFICER KIM, in his official capacity acting as a police officer for the CITY OF ST. LOUIS, MISSOURI, was at all relevant times employed in the SLMPD. OFFICER KIM enforced the Code and Policies under color of state law and is sued in his official capacity.

3

9.      Defendant, OFFICER BROWN, in his official capacity acting as a police officer for the CITY OF ST. LOUIS, MISSOURI, was at all relevant times employed in the SLMPD. OFFICER BROWN enforced the Code and Policies under color of state law and is sued in his official capacity.

10.     Defendants, DOES 1-5 (hereinafter "DOES" or "Defendant" or "Defendants"), are employed as police and/or enforcement officers for the CITY OF ST. LOUIS, MISSOURI, and/or were acting as agents and/or employees for the CITY OF ST. LOUIS, MISSOURI. Plaintiff is unaware of the true names of Defendants DOES 1 through 5 and therefore sues said Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to allege their true names and therein allege that each of the fictitiously-named Defendants is responsible for the occurrences herein alleged, and that Plaintiff's damages, as herein alleged, were caused by their conduct. DOES 1-5 enforced the City's Code and Policies under color of state law and/or were acting as agents and/or employees of the City.

## JURISDICTION AND VENUE

11.     Plaintiff brings this action seeking injunctive relief and nominal and/or compensatory and/or special and/or exemplary damages to redress deprivations by Defendants, acting under color of state law, of certain rights secured to Plaintiff and others as alleged herein under the United States Constitution as brought pursuant to 42 U.S.C. § 1983.

12.     Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1343(a)(3) and 1343(a)(4), which provide for original jurisdiction in this Court of all suits brought pursuant to 42 U.S.C. § 1983.

13.     Jurisdiction is also conferred on this Court by 28 U.S.C. § 1331 because the cause of action arises under the Constitution and laws of the United States.

4

14.     This Court has supplemental subject-matter jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(a) in that the state law claims form part of the same case or controversy as the federal claims.

15.     This Court is authorized to grant Declaratory Judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, implemented through Rule 57 of the Federal Rules of Civil Procedure, and under Missouri's Religious Freedom Restoration Act, Section 1.302, Revised Statutes of Missouri ("Missouri's RFRA"), and to issue the Preliminary and Permanent Injunctive relief requested by Plaintiff under Rule 65 of the Federal Rules of Civil Procedure.

16.     This Court is authorized to grant Plaintiff's prayer for relief and to award Plaintiff's costs in this action for violations of Plaintiff's constitutional and civil rights, including a reasonable attorneys' fee, pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, Rule 54 of the Federal Rules of Civil Procedure, and 28 U.S.C. § 1920.

17.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendants reside and/or do business in the Eastern District of Missouri and may be found and served in the Eastern District of Missouri.

18.     Venue is proper in the Eastern District of Missouri as all of the events giving rise to the claims herein occurred in this District.

## FACTS

19.     Plaintiff is an individual acting to spread awareness of his views regarding religious, political, and social topics.

20.     Among Plaintiff's purposes is the belief in a mandate to exercise his rights to freedom of speech and the free exercise of religion, and to further his religious, political, and social beliefs.

5

21.     Plaintiff brings this action to vindicate and protect his rights to freedom of speech, assembly, and the free exercise of religion, and his rights under Missouri's RFRA, in the City by ensuring that Defendants are restrained from acting prospectively in violation of those rights.

22.     The public parks, public streets, public sidewalks, and public rights-of-way within the jurisdiction of the City ("Public Spaces") are traditional public fora.

23.     Plaintiff, citizens, and members of the public utilize the Public Spaces for various activities, including communication and the exchange of ideas.

**Plaintiff's Planned Activities**

24.     Plaintiff has shared his religious, political, and social speech with people in the City.

25.     Plaintiff's message is one of hope and salvation that Christianity offers.

26.     Plaintiff has not harassed, encouraged violence, or expressed himself in any way other than in a peaceful manner.

27.     Plaintiff desires to continue his peaceful activities without being incarcerated or cited.

28.     Plaintiff shares his faith in various ways.

29.     Plaintiff distributes free literature and carries portable signs.

30.     Plaintiff records public events for commentary and distribution.

31.     Plaintiff engages others in respectful, one-on-one discussions about Jesus Christ and the Christian faith.

32.     Plaintiff has a religious mandate to go to Public Spaces in the City.

33.     On upcoming days – including but not limited to days in June 2020 through December 2023 – Plaintiff has concrete plans to engage in his constitutionally-protected

activities by peacefully expressing religious, political, and social speech within the City's Public Spaces.

34.     As a direct and proximate result of Defendants' prior enforcement of the Code and Policies, Plaintiff is unsure of his ability to exercise his constitutionally-protected activities, and fears arrest and incarceration.

**The City Adopts the Code**

35.     The City adopted Section 3.45 of the City's Code of Ordinances, titled "Special Events."

36.     The Code states in part:

'Special event' means an organized event which is open to the public, requires a permit or other approval from more than one City department or agency other than the Special Events Office, and takes place on public right of way/property, including but not limited to parades, certain charitable runs or walks, street fairs, and festivals. Special event does not include (i) picnics, barbecues, sports activities or private events at park facilities, under permits from the Department of Parks, Recreation and Forestry, or (ii) events of any kind in Forest Park, or (iii) block observances of National Night Out.

37.     The Code states in part: "'Special event zone' means the entire area in which a special event occurs and includes the production zone, all vending locations connected with the event, temporary signage, and the area expected to be occupied by persons attending the event."

38.     The Code states in part: "'Festival' means an organized social, cultural, religious, artistic, athletic or like event taking place on one or more days which involves use of public right of way/property and which is not a parade."

39.     The Code states in part: "'Public right-of-way/property' means any property that is owned or controlled by the City, including but not limited to streets, sidewalks, parks, plazas, malls, and public buildings."

40.     The Code states in part: "An application for a special event permit other than a parade shall be filed with the Special Events Office not less than sixty calendar days before the first proposed day of the special event."

41.     The Code states in part:

The Special Events Office is authorized to promulgate regulations consistent with this chapter and other applicable law to facilitate the regulation of special events. Such regulations shall be approved by the City Counselor's office and the Director of Public Safety prior to issuance and shall be filed with the register. Except in emergency situations, such regulations shall be submitted to the Special Events Advisory Committee for comment at least thirty days prior to issuance.

42.     The Code provides guidelines to the Special Events Office for the processing of special event applications.

**The City Adopts the Policies**

43.     The City adopted "The Special Events Frequently Asked Questions (FAQ) and City Departmental Policies."

44.     The Policies state in part: "A street permit is needed for any event that requires use of any part of a street or sidewalk. This includes the closing of an entire street or just designating curb lanes for special parking/no parking."

45.     The Policies provide guidelines for organizers filling out and submitting applications.

**The 2019 Pride Festival**

46.     On June 29, 2019, the Pride Fest Festival ("Festival") was held in the City.

47.     On June 29, 2019, the Festival was free to the public.

48.     On June 29, 2019, the Festival was open to the public.

49.     On June 29, 2019, the Festival was not ticketed.

8

50.     On June 29, 2019, the Festival was located on public streets and sidewalks.

51.     On June 29, 2019, the Festival was located on public streets and sidewalks open to pedestrians.

**Defendants Threaten to Arrest Plaintiff Under the Code and Policies**

52.     On June 29, 2019, Plaintiff was exercising his constitutional rights to freedom of speech and free exercise of religion by peacefully sharing his Christian message.

53.     On June 29, 2019, Plaintiff was exercising his constitutional rights to freedom of speech and free exercise of religion by peacefully sharing his Christian message while on public sidewalks and public streets in the City.

54.     On June 29, 2019, the public sidewalks and public streets where Plaintiff was located were open to the public.

55.     On June 29, 2019, Plaintiff entered the gated area of the Festival.

56.     On June 29, 2019, the City's supervising officer on the scene was LIEUTENANT PIERRE.

57.     In his position of deployment on June 29, 2019, LIEUTENANT PIERRE had supervisory decision-making authority on the scene for the City.

58.     In his position of deployment on June 29, 2019, LIEUTENANT PIERRE had supervisory decision-making authority on the scene for the City for interpreting and enforcing the Code and Policies against Plaintiff.

59.     On June 29, 2019, OFFICER KIM approached Plaintiff and told him: "You gotta go. You gotta go, they want you out of here."

60.     On June 29, 2019, Plaintiff offered to turn down the volume of his amplifier.

9

61.     On June 29, 2019, OFFICER BROWN told Plaintiff that he could not turn his amplifier down, but that he had to turn his amplifier off.

62.     On June 29, 2019, a representative of the Festival, with the approval of LIEUTENANT PIERRE and OFFICER BROWN, told Plaintiff he had to be outside the gate.

63.     On June 29, 2019, while LIEUTENANT PIERRE and OFFICER BROWN were speaking with Plaintiff, a Festival attendee told the officers that Plaintiff and his associates have "freedom of speech just like everybody else."

64.     On June 29, 2019, while LIEUTENANT PIERRE and OFFICER BROWN were speaking with Plaintiff, a Festival attendee told the officers that Plaintiff and his associates were not making a disturbance.

65.     On June 29, 2019, LIEUTENANT PIERRE and OFFICER BROWN ignored the statements of the Festival attendee.

66.     On June 29, 2019, LIEUTENANT PIERRE told Plaintiff: "they have a permit for here, and they don't want you involved."

67.     On June 29, 2019, Plaintiff asked what would happen if he did not leave the Festival area. LIEUTENANT PIERRE told him: "you're probably going to get a summons of some sort."

68.     On June 29, 2019, LIEUTENANT PIERRE escorted Plaintiff outside the gated area.

69.     On June 29, 2019, once Plaintiff was outside the gated area, LIEUTENANT PIERRE told him that the Festival organizer had a permit, and that it was "running this Festival."

70.     On June 29, 2019, LIEUTENANT PIERRE stated: "If they don't want certain people in here, they get us to ask [them] to leave . . . ."

10

71.     On June 29, 2019, LIEUTENANT PIERRE stated: "obviously they don't want you in there."

72.     On June 29, 2019, LIEUTENANT PIERRE stated: "they have a permit to block this off today, and for their little organization to do what they do."

73.     On June 29, 2019, LIEUTENANT PIERRE told Plaintiff that if he was standing there preaching and it got loud, he would probably get a summons.

74.     On June 29, 2019, the City's DOE Officer told Plaintiff that, because he had already been asked to leave the Festival area once, he could not let him back in, even if he preached without an amplifier.

75.     On June 29, 2019, the City's DOE Officer told Plaintiff that he could not preach with his amplifier.

76.     On June 29, 2019, when Plaintiff told the City's DOE Officer that he could not be heard without the amplifier, the City's DOE Officer stated "that's not my problem."

77.     On June 29, 2019, the City's DOE Officer told Plaintiff that, to use his amplifier, he had to go across the street.

78.     On June 29, 2019, the City's DOE Officer told Plaintiff that if he did not turn off his amplifier he would be arrested.

79.     As a direct and proximate result of Defendants' threats of arrest and enforcement of the Code and Policies, Plaintiff forfeited his constitutionally-protected activities due to fear of arrest and incarceration.

<u>**Plaintiff's Attempt to Avoid Litigation**</u>

80.     On May 30, 2019, an associate of Plaintiff sent a letter to the City, informing it of Plaintiff's planned activity at the Festival, in an attempt to avoid litigation and reach an amicable resolution of the anticipated issues.

81.     The City never responded to that letter.

## GENERAL ALLEGATIONS

82.     As a direct and proximate result of Defendants' prior enforcement of the Code and Policies, Plaintiff is forfeiting his constitutionally-protected activities due to fear of arrest, incarceration, and fines.

83.     As a direct and proximate result of Defendants' enforcement of the Code and Policies on June 29, 2019, Plaintiff was unconstitutionally denied the right to freedom of speech.

84.     As a direct and proximate result of Defendants' enforcement of the Code and Policies on June 29, 2019, Plaintiff was unconstitutionally denied the right to the free exercise of his religion.

85.     As a direct and proximate result of Defendants' enforcement of the Code and Policies on June 29, 2019, Plaintiff was threatened with arrest.

86.     As a direct and proximate result of Defendants' enforcement of the Code and Policies on June 29, 2019, Plaintiff was publicly humiliated.

87.     As a direct and proximate result of Defendants' enforcement of the Code and Policies on June 29, 2019, Plaintiff was publicly embarrassed.

88.     Defendants' enforcement of the Code and Policies and the City's officers', agents', and employees' actions under color of state law on June 29, 2019, have deprived, and continue to deprive, Plaintiff of his constitutional rights.

89.     As a direct and proximate result of Defendants' enforcement of the Code and Policies on June 29, 2019, and the City's officers', agents', and employees' actions under color of state law, Plaintiff fears future arrest and incarceration when exercising his constitutional rights.

90.     As a direct and proximate result of Defendants' enforcement of the Code and Policies on June 29, 2019, and the City's officers', agents', and employees' actions under color of state law, Plaintiff is uncertain and unsure of his ability to exercise his constitutional rights.

91.     Plaintiff has been damaged by the deprivation of his rights guaranteed by the United States Constitution and Missouri's RFRA.

92.     As interpreted and enforced by Defendants, the Code and Policies prohibit Plaintiff's manner of expressing his constitutional rights.

93.     Plaintiff is uncertain whether he will be arrested and incarcerated in the future while attempting to exercise his constitutional rights within the City.

94.     The threat of future arrests and incarceration is both great and immediate.

95.     The future impingement of Plaintiff's rights is an absolute certainty unless and until this Court grants the injunctive relief requested herein.

96.     Defendants have discouraged Plaintiff's constitutional rights to the point that Plaintiff fears arrest and incarceration while exercising his constitutional and civil rights.

97.     Plaintiff wishes to continue exercising his constitutional rights, and has specific and concrete intentions to continue engaging in the exercise of his constitutional rights, including activities prohibited by the Code and Policies, as interpreted and enforced by Defendants, but he is fearful of being arrested and incarcerated for exercising his constitutional and civil rights.

98.     The violations of Plaintiff's constitutional rights alleged herein have caused, and will continue to cause, Plaintiff to suffer extreme hardship, both actual and impending; irreparable injury; and damage.

99.     Plaintiff currently suffers from the denial of rights guaranteed by the United States Constitution because of Defendants' actions taken under color of law.

100.    There is a substantial likelihood that Plaintiff will prevail on the merits in this case because Defendants' enforcement of the Code and Policies and Defendants' actions under color of state law constitute an abridgement of Plaintiff's constitutional rights and a violation of Missouri's RFRA.

101.    The harm to Plaintiff outweighs any subjective harm to Defendants.

102.    The public interest is benefited when constitutional and civil rights are protected by the Courts.

103.    Defendants' enforcement of the Code and Policies, and the City's customs, policies, practices, and actions under color of state law, deprived Plaintiff of his right to freedom of speech and the free exercise of religion protected by the United States Constitution and Missouri's RFRA.

104.    Defendants acted without reasonable cause and without due care in causing the deprivation of Plaintiff's rights to freedom of speech and the free exercise of religion protected by the United States Constitution and Missouri's RFRA.

105.    As a direct and proximate result of Defendants' actions and omissions under color of state law, Plaintiff suffered the loss of Plaintiff's freedom of speech and free exercise of religion protected by the United States Constitution and Missouri's RFRA.

14

106.    Defendants' actions and omissions were performed with malice, or oppression, or callous or deliberate indifference, or a conscious disregard of Plaintiff's rights to freedom of speech and the free exercise of religion protected by the United States Constitution and Missouri's RFRA.

107.    Defendants' enforcement of the Code and Policies, and the City's customs and practices, enforced under color of state law, are the moving force behind the violation of Plaintiff's rights to freedom of speech and the free exercise of religion protected by the United States Constitution and Missouri's RFRA.

108.    Defendants' enforcement of the Code and Policies, and the City's customs and practices, enforced under color of state law, operate to unconstitutionally limit, ban, and censor Plaintiff's rights to freedom of speech and the free exercise of religion protected by the United States Constitution and Missouri's RFRA.

109.    Defendant City had a duty at all times mentioned herein to implement and enforce policies and procedures to adequately supervise and adequately train its officers, agents, and employees so as to prevent the constitutional violations and the violation of Missouri's RFRA, as alleged herein.

110.    Defendant City failed to implement and enforce policies and procedures to adequately supervise and adequately train its officers, agents, and employees so as to prevent the constitutional violations and the violation of Missouri's RFRA, as alleged herein.

111.    Defendant City's actions and omissions regarding the failure to adequately train its officers, agents, and employees so as to prevent the constitutional violations alleged herein exhibit deliberate indifference toward Plaintiff's rights to freedom of speech and the free exercise of religion protected by the United States Constitution and Missouri's RFRA.

15

112.   Plaintiff has satisfied all conditions precedent to bringing this action.

113.   Plaintiff is entitled to recover reasonable attorneys' fees and costs from

Defendants pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, Fed. R. Civ. P. 54, and 28 U.S.C. §

1920.

## AS AND FOR A FIRST CAUSE OF ACTION:

### SECTION 1983 – UNCONSTITUTIONAL CODE AS APPLIED AGAINST DEFENDANTS CITY, LIEUTENANT PIERRE, OFFICER KIM, OFFICER BROWN, AND DOES 1-5

### THE CODE AND DEFENDANTS' ACTIONS VIOLATE THE FREEDOM OF SPEECH CLAUSE OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION

114.   The averments of paragraphs 1-113 are repeated and alleged in full force and

effect as if repeated in their entirety herein.

115.   The First Amendment to the United States Constitution, applied to the States

through the Fourteenth Amendment, prohibits unconstitutionally abridging the freedom of

speech.

116.   As interpreted and enforced by Defendants, the Code prohibits Plaintiff's manner

of freedom of speech.

117.   LIEUTENANT PIERRE's, OFFICER KIM's, OFFICER BROWN's, and DOES

1-5's actions were performed under color of state law in that they claimed to be performing an

official duty, but their acts were outside the limits of lawful authority and abusive in manner, and

they further acted in a way that misused their power, and were able to do so only because of their positions as City officials.

118.  Defendants' actions were taken with malice or reckless indifference to Plaintiff's right to freedom of speech.

119.  As applied, the Code unconstitutionally attempts to convert the City's streets, sidewalks, and parks from traditional public fora into nonpublic fora during Special Events conducted in the City.

120.  As applied, the Code unconstitutionally limits Plaintiff's freedom of speech by forcing Plaintiff to move out of a traditional public forum during Special Events.

121.  As applied, the Code unconstitutionally imposes a burden on Plaintiff's and other individuals' constitutional rights because it:

a.  allows for the exercise of unbridled discretion; and,

b.  lacks narrow tailoring, fails to achieve any legitimate government purpose, and fails to leave open alternative avenues for expression; and,

c.  bars the free speech of Plaintiff and possibly other third-party citizens in a traditional public forum.

122.  The Code as applied impedes Plaintiff's right to freedom of speech because it denies Plaintiff's right to freedom of speech and satisfies no rational, substantial, or compelling government interest in the least restrictive means possible.

123.  As applied, the Code prohibits Plaintiff's manner of freedom of speech.

124.  Plaintiff was deprived of his right under the First Amendment to engage in freedom of speech activities prohibited by the Code as applied.

125.     Plaintiff has been, and continues to be, deprived of his right under the First Amendment to engage in freedom of speech.

126.     Plaintiff has suffered injuries and damages as a result of Defendants' deprivation of his rights, including but not limited to mental and emotional distress, impairment of reputation, personal humiliation, and other tangible and intangible harms that would not exist but for Defendants' actions and/or omissions, and these harms are reasonably certain to be experienced into the future.

WHEREFORE, Plaintiff respectfully requests that this Court grant the relief requested hereinafter in the Prayer for Relief, and any further relief this Court deems just under the circumstances.

## AS AND FOR A SECOND CAUSE OF ACTION:

### SECTION 1983 – UNCONSTITUTIONAL CODE AS APPLIED AGAINST DEFENDANTS CITY, LIEUTENANT PIERRE, OFFICER KIM, OFFICER BROWN, AND DOES 1-5

### THE CODE AND DEFENDANTS' ACTIONS VIOLATE THE FREE EXERCISE CLAUSE OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION

127.     The averments of paragraphs 1-113 are repeated and alleged in full force and effect as if repeated in their entirety herein.

128.     The First Amendment to the United States Constitution, applied to the States through the Fourteenth Amendment, prohibits unconstitutionally abridging the free exercise of religion.

129.     Plaintiff has a personal belief in the Biblical mandate to spread the Gospel of Jesus Christ, and Plaintiff engages in activities, for the purpose of spreading the Gospel of Jesus Christ, that are prohibited by the Code, as interpreted and enforced by Defendants.

130.     The Bible instructs believers to share the Gospel of Jesus Christ with others, and Plaintiff relies on the Bible to guide his words and actions.

131.     As interpreted and enforced by Defendants, Plaintiff's manner of free exercise of religion is prohibited by the Code.

132.     LIEUTENANT PIERRE's, OFFICER KIM's, OFFICER BROWN's, and DOES 1-5's actions were performed under color of state law in that they claimed to be performing an official duty, but their acts were outside the limits of lawful authority and abusive in manner, and they further acted in a way that misused their power, and were able to do so only because of their positions as City officials.

133.     Defendants' actions were done with malice or reckless indifference to Plaintiff's right to the free exercise of religion.

134.     Defendants' enforcement requires Plaintiff to censor his religious speech and imposes a substantial burden on Plaintiff that is not imposed on other individuals.

135.     By forcing Plaintiff to choose between abandoning his religious beliefs in order to gain access to speech in the City's Public Spaces, and, alternatively, abiding by his religious beliefs only to be arrested, cited, and fined, Defendants have imposed a substantial burden on Plaintiff's sincerely-held religious beliefs and the exercise of his religion.

136.     As applied, the Code unconstitutionally attempts to convert the City's streets, sidewalks, and parks from traditional public fora into nonpublic fora during Special Events conducted in the City.

137.     As applied, the Code unconstitutionally limits Plaintiff's free exercise of religion by forcing Plaintiff to move out of a traditional public forum during Special Events.

19

138.    As applied, the Code unconstitutionally imposes a burden on Plaintiff's and other individuals' constitutional rights because it:

a.    allows for the exercise of unbridled discretion; and,

b.    lacks narrow tailoring, fails to achieve any legitimate government purpose, and fails to leave open alternative avenues for expression; and,

c.    bars the free exercise of religion of Plaintiff and possibly other third-party citizens in a traditional public forum.

139.    The Code as applied impedes Plaintiff's right to the free exercise of religion because it denies Plaintiff's right to the free exercise of religion and satisfies no rational, substantial, or compelling government interest in the least restrictive means possible.

140.    As applied, the Code prohibits Plaintiff's manner of free exercise of religion.

141.    Plaintiff was deprived of his right under the First Amendment to engage in free exercise of religion activities prohibited by the Code as applied.

142.    Plaintiff has been, and continues to be, deprived of his right under the First Amendment to engage in the free exercise of religion.

143.    Plaintiff has suffered injuries and damages as a result of Defendants' deprivation of his rights, including but not limited to mental and emotional distress, impairment of reputation, personal humiliation, and other tangible and intangible harms that would not exist but for Defendants' actions and/or omissions, and these harms are reasonably certain to be experienced into the future.

WHEREFORE, Plaintiff respectfully requests that this Court grant the relief requested hereinafter in the Prayer for Relief, and any further relief this Court deems just under the circumstances.

20

**AS AND FOR A THIRD CAUSE OF ACTION:**

**SECTION 1983 – UNCONSTITUTIONAL CODE AS APPLIED AGAINST DEFENDANTS CITY, LIEUTENANT PIERRE, OFFICER KIM, OFFICER BROWN, AND DOES 1-5**

**THE CODE AND DEFENDANTS' ACTIONS**
**VIOLATE THE DUE PROCESS CLAUSE OF**
**THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION**

144.    The averments of paragraphs 1-113 are repeated and alleged in full force and effect as if repeated in their entirety herein.

145.    The Fourteenth Amendment to the United States Constitution prohibits unconstitutionally abridging the right to freedom of speech and/or the right to the free exercise of religion.

146.    Defendants' actions, policies, and practices, and failure to adequately supervise and adequately train Defendants' officials, agents, and employees, and the resultant enforcement as alleged herein, lack sufficient objective standards to curtail the discretion of Defendants' officials and police officers. This provides Defendants and their officials, agents, and employees the opportunity to enforce speech restrictions in an *ad hoc*, arbitrary, and discriminatory manner.

147.    Defendants' actions, policies, and practices unconstitutionally impose a burden on Plaintiff's and other individuals' constitutional rights because they:

a.      allow for the exercise of unbridled discretion; and,

b.      lack narrow tailoring, fail to achieve any legitimate government purpose,

21

and fail to leave open alternative avenues for expression; and,

c.    bar the free speech and free exercise of religion of Plaintiff and possibly other third-party citizens in a traditional public forum.

148.    Plaintiff was deprived of his constitutional rights prohibited by the City's Code as interpreted and enforced by Defendants.

149.    Defendants' actions, policies, and practices unconstitutionally restrict and prohibit Plaintiff's rights under the First Amendment to engage in freedom of speech and free exercise of religion activities.

150.    Defendants' actions, policies, and practices are unconstitutionally overbroad and are not narrowly tailored to address the City's interests, thereby allowing Defendants' agents and employees to unconstitutionally restrict and prohibit Plaintiff's right, and those of the general public, to engage in freedom of speech and free exercise of religion activities otherwise protected by the First Amendment.

151.    Plaintiff was deprived of his right to engage in freedom of speech and free exercise of religion activities prohibited by the Code as interpreted and enforced by Defendants.

152.    Plaintiff has been, and continues to be, deprived of his right to engage in freedom of speech and free exercise of religion activities.

153.    Plaintiff has suffered injuries and damages as a result of Defendants' deprivation of his rights, including but not limited to mental and emotional distress, impairment of reputation, personal humiliation, and other tangible and intangible harms that would not exist but for Defendants' actions and/or omissions, and these harms are reasonably certain to be experienced into the future.

WHEREFORE, Plaintiff respectfully requests that this Court grant the relief requested hereinafter in the Prayer for Relief, and any further relief this Court deems just under the circumstances.

## AS AND FOR A FOURTH CAUSE OF ACTION:

### THE CODE AS APPLIED AGAINST DEFENDANTS CITY, LIEUTENANT PIERRE, OFFICER KIM, OFFICER BROWN, AND DOES 1-5

### THE CODE AND DEFENDANTS' ACTIONS VIOLATE MISSOURI'S RELIGIOUS FREEDOM RESTORATION ACT

154.    The averments of paragraphs 1-113 are repeated and alleged in full force and effect as if repeated in their entirety herein.

155.    Missouri's RFRA prohibits Defendants from substantially burdening Plaintiff's religious exercise absent Defendants bringing forth evidence that the burden upon Plaintiff satisfies a compelling government interest in the least restrictive means possible.

156.    Plaintiff has a personal belief and mandate to spread the Gospel of Jesus Christ, and Plaintiff, as an individual and with associates, engages in activities, for the purpose of spreading the Gospel of Jesus Christ, that are prohibited by the Code as interpreted and enforced by Defendants.

157.    The Bible instructs believers to share the Gospel of Jesus Christ with others, and Plaintiff relies on the Bible to guide his words and actions.

158.    As interpreted and enforced by Defendants, Plaintiff's manner of free exercise of religion is prohibited by the Code.

159.    Plaintiff sought, and continues to seek, to discuss issues from a religious perspective, to distribute religious literature, to display signs, and to engage in religious speech through sharing his faith.

160.    Defendants' enforcement requires Plaintiff to censor his religious speech and imposes a burden on Plaintiff that is not imposed on other individuals.

161.    By forcing Plaintiff to choose between abandoning his religious beliefs in order to gain access to speech in the City's Public Spaces, and, alternatively, abiding by his religious beliefs only to be arrested, cited, and/or fined, Defendants have imposed a substantial burden on Plaintiff's sincerely-held religious beliefs and the exercise of his religion.

162.    As applied, the Code attempts to convert the City's streets, sidewalks, and parks from traditional public fora into nonpublic fora during Special Events conducted in the City.

163.    As applied, the Code limits Plaintiff's free exercise of religion by forcing Plaintiff to move out of a traditional public forum during Special Events.

164.    As applied, the Code imposes a burden on Plaintiff's and other individuals' constitutional rights because it:

a.      allows for the exercise of unbridled discretion; and,

b.      lacks narrow tailoring, fails to achieve any legitimate government purpose, and fails to leave open alternative avenues for expression; and,

c.      bars the free exercise of religion of Plaintiff and possibly other third-party citizens in a traditional public forum.

165.    The Code as applied impedes Plaintiff's right to the free exercise of religion because it denies Plaintiff's right to the free exercise of religion and satisfies no rational, substantial, or compelling government interest in the least restrictive means possible.

166.    As applied, the Code prohibits Plaintiff's manner of free exercise of religion.

167.    Plaintiff was deprived of his right under Missouri's RFRA to engage in free exercise of religion activities prohibited by the Code as applied.

24

168.    Plaintiff has been, and continues to be, deprived of his right under Missouri's RFRA to engage in the free exercise of religion.

169.    Plaintiff has suffered injuries and damages as a result of Defendants' deprivation of his rights, including but not limited to mental and emotional distress, impairment of reputation, personal humiliation, and other tangible and intangible harms that would not exist but for Defendants' actions and/or omissions, and these harms are reasonably certain to be experienced into the future.

WHEREFORE, Plaintiff respectfully requests that this Court grant the relief requested hereinafter in the Prayer for Relief, and any further relief this Court deems just under the circumstances.

## AS AND FOR A FIFTH CAUSE OF ACTION:

## SECTION 1983 – UNCONSTITUTIONAL POLICIES AS APPLIED AGAINST DEFENDANTS CITY, LIEUTENANT PIERRE, OFFICER KIM, OFFICER BROWN, AND DOES 1-5

## THE POLICIES AND DEFENDANTS' ACTIONS VIOLATE THE FREEDOM OF SPEECH CLAUSE OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION

170.    The averments of paragraphs 1-113 are repeated and alleged in full force and effect as if repeated in their entirety herein.

171.    The First Amendment to the United States Constitution, applied to the States through the Fourteenth Amendment, prohibits unconstitutionally abridging the freedom of speech.

172.    As interpreted and enforced by Defendants, the Policies prohibit Plaintiff's manner of freedom of speech.

173.    LIEUTENANT PIERRE's, OFFICER KIM's, OFFICER BROWN's, and DOES 1-5's actions were performed under color of state law in that they claimed to be performing an official duty, but their acts were outside the limits of lawful authority and abusive in manner, and they further acted in a way that misused their power, and were able to do so only because of their positions as City officials.

174.    Defendants' actions were taken with malice or reckless indifference to Plaintiff's right to freedom of speech.

175.    As applied, the Policies unconstitutionally attempt to convert the City's streets, sidewalks, and parks from traditional public fora into nonpublic fora during Special Events conducted in the City.

176.    As applied, the Policies unconstitutionally limit Plaintiff's freedom of speech by forcing Plaintiff to move out of a traditional public forum during Special Events.

177.    As applied, the Policies unconstitutionally impose a burden on Plaintiff's and other individuals' constitutional rights because they:

a.    allow for the exercise of unbridled discretion; and,

b.    lack narrow tailoring, fail to achieve any legitimate government purpose, and fail to leave open alternative avenues for expression; and,

c.    bar the free speech of Plaintiff and possibly other third-party citizens in a traditional public forum.

178.    The Policies as applied impede Plaintiff's right to freedom of speech because they deny Plaintiff's right to freedom of speech and satisfy no rational, substantial, or compelling government interest in the least restrictive means possible.

179.    As applied, the Policies prohibit Plaintiff's manner of freedom of speech.

26

180.    Plaintiff was deprived of his right under the First Amendment to engage in freedom of speech activities prohibited by the Policies as applied.

181.    Plaintiff has been, and continues to be, deprived of his right under the First Amendment to engage in freedom of speech.

182.    Plaintiff has suffered injuries and damages as a result of Defendants' deprivation of his rights, including but not limited to mental and emotional distress, impairment of reputation, personal humiliation, and other tangible and intangible harms that would not exist but for Defendants' actions and/or omissions, and these harms are reasonably certain to be experienced into the future.

WHEREFORE, Plaintiff respectfully requests that this Court grant the relief requested hereinafter in the Prayer for Relief, and any further relief this Court deems just under the circumstances.

## AS AND FOR A SIXTH CAUSE OF ACTION:

**SECTION 1983 – UNCONSTITUTIONAL POLICIES AS APPLIED AGAINST DEFENDANTS CITY, LIEUTENANT PIERRE, OFFICER KIM, OFFICER BROWN, AND DOES 1-5**

**THE POLICIES AND DEFENDANTS' ACTIONS
VIOLATE THE FREE EXERCISE CLAUSE OF
THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION**

183.    The averments of paragraphs 1-113 are repeated and alleged in full force and effect as if repeated in their entirety herein.

184.    The First Amendment to the United States Constitution, applied to the States through the Fourteenth Amendment, prohibits unconstitutionally abridging the free exercise of religion.

185.     Plaintiff has a personal belief in the Biblical mandate to spread the Gospel of Jesus Christ, and Plaintiff engages in activities, for the purpose of spreading the Gospel of Jesus Christ, that are prohibited by the Policies, as interpreted and enforced by Defendants.

186.     The Bible instructs believers to share the Gospel of Jesus Christ with others, and Plaintiff relies on the Bible to guide his words and actions.

187.     As interpreted and enforced by Defendants, the Policies prohibit Plaintiff's manner of free exercise of religion.

188.     LIEUTENANT PIERRE's, OFFICER KIM's, OFFICER BROWN's, and DOES 1-5's actions were performed under color of state law in that they claimed to be performing an official duty, but their acts were outside the limits of lawful authority and abusive in manner, and they further acted in a way that misused their power, and were able to do so only because of their positions as City officials.

189.     Defendants' actions were done with malice or reckless indifference to Plaintiff's right to the free exercise of religion.

190.     Defendants' enforcement requires Plaintiff to censor his religious speech and imposes a substantial burden on Plaintiff that is not imposed on other individuals.

191.     By forcing Plaintiff to choose between abandoning his religious beliefs in order to gain access to speech in the City's Public Spaces, and, alternatively, abiding by his religious beliefs only to be arrested, cited, and fined, Defendants have imposed a substantial burden on Plaintiff's sincerely-held religious beliefs and the exercise of his religion.

192.     As applied, the Policies unconstitutionally attempt to convert the City's streets, sidewalks, and parks from traditional public fora into nonpublic fora during Special Events conducted in the City.

28

193.    As applied, the Policies unconstitutionally limit Plaintiff's free exercise of religion by forcing Plaintiff to move out of a traditional public forum during Special Events.

194.    As applied, the Policies unconstitutionally impose a burden on Plaintiff's and other individuals' constitutional rights because they:

a.    allow for the exercise of unbridled discretion; and,

b.    lack narrow tailoring, fail to achieve any legitimate government purpose, and fail to leave open alternative avenues for expression; and,

c.    bar the free exercise of religion of Plaintiff and possibly other third-party citizens in a traditional public forum.

195.    The Policies as applied impede Plaintiff's right to the free exercise of religion because they deny Plaintiff's right to the free exercise of religion and satisfy no rational, substantial, or compelling government interest in the least restrictive means possible.

196.    As applied, the Policies prohibit Plaintiff's manner of free exercise of religion.

197.    Plaintiff was deprived of his right under the First Amendment to engage in free exercise of religion activities prohibited by the Policies as applied.

198.    Plaintiff has been, and continues to be, deprived of his right under the First Amendment to engage in the free exercise of religion.

199.    Plaintiff has suffered injuries and damages as a result of Defendants' deprivation of his rights, including but not limited to mental and emotional distress, impairment of reputation, personal humiliation, and other tangible and intangible harms that would not exist but for Defendants' actions and/or omissions, and these harms are reasonably certain to be experienced into the future.

29

WHEREFORE, Plaintiff respectfully requests that this Court grant the relief requested hereinafter in the Prayer for Relief, and any further relief this Court deems just under the circumstances.

### AS AND FOR A SEVENTH CAUSE OF ACTION:

### SECTION 1983 – UNCONSTITUTIONAL POLICIES AS APPLIED AGAINST DEFENDANTS CITY, LIEUTENANT PIERRE, OFFICER KIM, OFFICER BROWN, AND DOES 1-5

### THE POLICIES AND DEFENDANTS' ACTIONS VIOLATE THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

200. The averments of paragraphs 1-113 are repeated and alleged in full force and effect as if repeated in their entirety herein.

201. The Fourteenth Amendment to the United States Constitution prohibits unconstitutionally abridging the right to freedom of speech and/or the right to the free exercise of religion.

202. Defendants' actions, policies, and practices, and failure to adequately supervise and adequately train Defendants' officials, agents, and employees, and the resultant enforcement as alleged herein, lack sufficient objective standards to curtail the discretion of Defendants' officials and police officers. This provides Defendants and their officials, agents, and employees the opportunity to enforce speech restrictions in an *ad hoc*, arbitrary, and discriminatory manner.

203. Defendants' actions, policies, and practices unconstitutionally impose a burden on Plaintiff's and other individuals' constitutional rights because they:

a.     allow for the exercise of unbridled discretion; and,

b.     lack narrow tailoring, fail to achieve any legitimate government purpose, and fail to leave open alternative avenues for expression; and,

30

     c.     bar the free speech and free exercise of religion of Plaintiff and possibly other third-party citizens in a traditional public forum.

204.    Plaintiff was deprived of his constitutional rights prohibited by the City's Policies as interpreted and enforced by Defendants.

205.    Defendants' actions, policies, and practices unconstitutionally restrict and prohibit Plaintiff's rights under the First Amendment to engage in freedom of speech and free exercise of religion activities.

206.    Defendants' actions, policies, and practices are unconstitutionally overbroad and are not narrowly tailored to address the City's interests, thereby allowing Defendants' agents and employees to unconstitutionally restrict and prohibit Plaintiff's right, and those of the general public, to engage in freedom of speech and free exercise of religion activities otherwise protected by the First Amendment.

207.    Plaintiff was deprived of his right to engage in freedom of speech and free exercise of religion activities prohibited by the Policies as interpreted and enforced by Defendants.

208.    Plaintiff has been, and continues to be, deprived of his right to engage in freedom of speech and free exercise of religion activities.

209.    Plaintiff has suffered injuries and damages as a result of Defendants' deprivation of his rights, including but not limited to mental and emotional distress, impairment of reputation, personal humiliation, and other tangible and intangible harms that would not exist but for Defendants' actions and/or omissions, and these harms are reasonably certain to be experienced into the future.

WHEREFORE, Plaintiff respectfully requests that this Court grant the relief requested hereinafter in the Prayer for Relief, and any further relief this Court deems just under the circumstances.

## AS AND FOR AN EIGHTH CAUSE OF ACTION:

### THE POLICIES AS APPLIED AGAINST DEFENDANTS CITY, LIEUTENANT PIERRE, OFFICER KIM, OFFICER BROWN, AND DOES 1-5

### THE POLICIES AND DEFENDANTS' ACTIONS VIOLATE MISSOURI'S RELIGIOUS FREEDOM RESTORATION ACT

210.    The averments of paragraphs 1-113 are repeated and alleged in full force and effect as if repeated in their entirety herein.

211.    Missouri's RFRA prohibits Defendants from substantially burdening Plaintiff's religious exercise absent Defendants bringing forth evidence that the burden upon Plaintiff satisfies a compelling government interest in the least restrictive means possible.

212.    Plaintiff has a personal belief and mandate to spread the Gospel of Jesus Christ, and Plaintiff, as an individual and with associates, engages in activities, for the purpose of spreading the Gospel of Jesus Christ, that are prohibited by the Policies as interpreted and enforced by Defendants.

213.    The Bible instructs believers to share the Gospel of Jesus Christ with others, and Plaintiff relies on the Bible to guide his words and actions.

214.    As interpreted and enforced by Defendants, Plaintiff's manner of free exercise of religion is prohibited by the Policies.

215.    Plaintiff sought, and continues to seek, to discuss issues from a religious perspective, to distribute religious literature, to display signs, and to engage in religious speech through sharing his faith.

32

216.    Defendants' enforcement requires Plaintiff to censor his religious speech and imposes a burden on Plaintiff that is not imposed on other individuals.

217.    By forcing Plaintiff to choose between abandoning his religious beliefs in order to gain access to speech in the City's Public Spaces, and, alternatively, abiding by his religious beliefs only to be arrested, cited, and/or fined, Defendants have imposed a substantial burden on Plaintiff's sincerely-held religious beliefs and the exercise of his religion.

218.    As applied, the Policies attempt to convert the City's streets, sidewalks, and parks from traditional public fora into nonpublic fora during Special Events conducted in the City.

219.    As applied, the Policies limit Plaintiff's free exercise of religion by forcing Plaintiff to move out of a traditional public forum during Special Events.

220.    As applied, the Policies impose a burden on Plaintiff's and other individuals' constitutional rights because they:

a.      allow for the exercise of unbridled discretion; and,

b.      lack narrow tailoring, fail to achieve any legitimate government purpose, and fail to leave open alternative avenues for expression; and,

c.      bar the free exercise of religion of Plaintiff and possibly other third-party citizens in a traditional public forum.

221.    The Policies as applied impede Plaintiff's right to the free exercise of religion because they deny Plaintiff's right to the free exercise of religion and satisfy no rational, substantial, or compelling government interest in the least restrictive means possible.

222.    As applied, the Policies prohibit Plaintiff's manner of free exercise of religion.

223.    Plaintiff was deprived of his right under Missouri's RFRA to engage in free exercise of religion activities prohibited by the Policies as applied.

33

224.    Plaintiff has been, and continues to be, deprived of his right under Missouri's RFRA to engage in the free exercise of religion.

225.    Plaintiff has suffered injuries and damages as a result of Defendants' deprivation of his rights, including but not limited to mental and emotional distress, impairment of reputation, personal humiliation, and other tangible and intangible harms that would not exist but for Defendants' actions and/or omissions, and these harms are reasonably certain to be experienced into the future.

WHEREFORE, Plaintiff respectfully requests that this Court grant the relief requested hereinafter in the Prayer for Relief, and any further relief this Court deems just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment as follows:

## AS TO COUNT I:

1.    That this Court assume jurisdiction of this matter; and,

2.    That this Court issue a preliminary and permanent injunction restraining and enjoining Defendants, and all persons acting in concert or participating with Defendants, from enforcing Section 3.45 of the City's Code of Ordinances in the manner Defendants enforced it against Plaintiff on June 29, 2019; and,

3.    That this Court issue the requested injunctive relief without a condition of bond or other security; and,

34

4.      That this Court issue Declaratory Judgment under the Declaratory Judgment Act to determine Plaintiff's and Defendants' rights and duties regarding enforcement of Section 3.45 of the City's Code of Ordinances; and,

5.      That this Court enter a judgment and decree declaring that Defendants' enforcement, interpretation, and application of Section 3.45 of the City's Code of Ordinances against Plaintiff on June 29, 2019, violated Plaintiff's right to freedom of speech; and,

6.      That this Court adjudge, decree, and declare the rights and other legal relations with the subject matter here in controversy, in order that such declaration shall have the force and effect of final judgment; and,

7.      That this Court grant Plaintiff an award of nominal and/or compensatory damages against Defendant City; and,

8.      That this Court grant Plaintiff an award of nominal and/or compensatory damages against Defendants LIEUTENANT PIERRE, OFFICER KIM, OFFICER BROWN, and DOES 1-5; and,

9.      That this Court retain jurisdiction of this matter for the purpose of enforcing any Orders; and,

10.     That this Court award Plaintiff's costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, Fed. R. Civ. P. 54, and 28 U.S.C. § 1920, or other applicable law; and,

11.      That this Court grant Plaintiff such other and further relief as may be just and proper.

**AS TO COUNT II:**

1.      That this Court assume jurisdiction of this matter; and,

2.      That this Court issue a preliminary and permanent injunction restraining and

enjoining Defendants, and all persons acting in concert or participating with

Defendants, from enforcing Section 3.45 of the City's Code of Ordinances in the

manner Defendants enforced it against Plaintiffs on June 29, 2019; and,

3.      That this Court issue the requested injunctive relief without a condition of bond or

other security; and,

4.      That this Court issue Declaratory Judgment under the Declaratory Judgment Act

to determine Plaintiff's and Defendants' rights and duties regarding enforcement

of Section 3.45 of the City's Code of Ordinances; and,

5.      That this Court enter a judgment and decree declaring that Defendants'

enforcement, interpretation, and application of Section 3.45 of the City's Code of

Ordinances against Plaintiff on June 29, 2019, violated Plaintiff's right to the free

exercise of religion; and,

6.      That this Court adjudge, decree, and declare the rights and other legal relations

with the subject matter here in controversy, in order that such declaration shall

have the force and effect of final judgment; and,

7.      That this Court grant Plaintiff an award of nominal and/or compensatory damages

against Defendant City; and,

8.      That this Court grant Plaintiff an award of nominal and/or compensatory damages

against Defendants LIEUTENANT PIERRE, OFFICER KIM, OFFICER

BROWN, and DOES 1-5; and,

9.      That this Court retain jurisdiction of this matter for the purpose of enforcing any

        Orders; and,

10.     That this Court award Plaintiff's costs and reasonable attorneys' fees pursuant to

        42 U.S.C. § 1983, 42 U.S.C. § 1988, Fed. R. Civ. P. 54, and 28 U.S.C. § 1920, or

        other applicable law; and,

11.     That this Court grant Plaintiff such other and further relief as may be just and

        proper.

**<u>AS TO COUNT III:</u>**

1.      That this Court assume jurisdiction of this matter; and,

2.      That this Court issue a preliminary and permanent injunction restraining and

        enjoining Defendants, and all persons acting in concert or participating with them,

        from enforcing Section 3.45 of the City's Code of Ordinances in the manner

        Defendants enforced it against Plaintiff on June 29, 2019; and,

3.      That this Court issue the requested injunctive relief without a condition of bond or

        other security; and,

4.      That this Court issue Declaratory Judgment under the Declaratory Judgment Act

        to determine Plaintiff's and Defendants' rights and duties regarding enforcement

        of Section 3.45 of the City's Code of Ordinances; and,

5.      That this Court enter a judgment and decree declaring that Defendants'

        enforcement, interpretation, and application of Section 3.45 of the City's Code of

        Ordinances against Plaintiff on June 29, 2019, violated Plaintiff's right to due

        process; and,

6.      That this Court adjudge, decree, and declare the rights and other legal relations

with the subject matter here in controversy, in order that such declaration shall have the force and effect of final judgment; and,

7.    That this Court grant Plaintiff an award of nominal and/or compensatory damages against Defendant City in an amount to be determined by the trier of fact; and,

8.    That this Court grant Plaintiff an award of nominal and/or compensatory damages against Defendants LIEUTENANT PIERRE, OFFICER KIM, OFFICER BROWN, and DOES 1-5; and,

9.    That this Court retain jurisdiction of this matter for the purpose of enforcing any Orders; and,

10.    That this Court award Plaintiff's costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, Fed. R. Civ. P. 54, and 28 U.S.C. § 1920, or other applicable law; and,

11.    That this Court grant Plaintiff such other and further relief as may be just and proper.

**AS TO COUNT IV:**

1.    That this Court assume jurisdiction of this matter; and,

2.    That this Court issue a preliminary and permanent injunction restraining and enjoining Defendants, and all persons acting in concert or participating with Defendants, from enforcing Section 3.45 of the City's Code of Ordinances in the manner Defendants enforced it against Plaintiff on June 29, 2019; and,

3.    That this Court issue the requested injunctive relief without a condition of bond or other security; and,

4.      That this Court issue Declaratory Judgment under the Declaratory Judgment Act to determine Plaintiff's and Defendants' rights and duties regarding enforcement of Section 3.45 of the City's Code of Ordinances; and,

5.      That this Court enter a judgment and decree declaring that Defendants' enforcement, interpretation, and application of Section 3.45 of the City's Code of Ordinances against Plaintiff on June 29, 2019, violated Plaintiff's rights under Missouri's Religious Freedom Restoration Act, Section 1.302, Revised Statutes of Missouri; and,

6.      That this Court adjudge, decree, and declare the rights and other legal relations with the subject matter here in controversy, in order that such declaration shall have the force and effect of final judgment; and,

7.      That this Court grant Plaintiff an award of nominal and/or compensatory damages against Defendant City; and,

8.      That this Court grant Plaintiff an award of nominal and/or compensatory damages against Defendants LIEUTENANT PIERRE, OFFICER KIM, OFFICER BROWN, and DOES 1-5; and,

9.      That this Court retain jurisdiction of this matter for the purpose of enforcing any Orders; and,

10.     That this Court award Plaintiff's costs and reasonable attorneys' fees pursuant to Missouri's Religious Freedom Restoration Act, or other applicable law; and,

11.     That this Court grant Plaintiff such other and further relief as may be just and proper.

**AS TO COUNT V:**

1.      That this Court assume jurisdiction of this matter; and,

2.      That this Court issue a preliminary and permanent injunction restraining and
enjoining Defendants, and all persons acting in concert or participating with
Defendants, from enforcing The Special Events Frequently Asked Questions
(FAQ) and City Departmental Policies in the manner Defendants enforced them
against Plaintiff on June 29, 2019; and,

3.      That this Court issue the requested injunctive relief without a condition of bond or
other security; and,

4.      That this Court issue Declaratory Judgment under the Declaratory Judgment Act
to determine Plaintiff's and Defendants' rights and duties regarding enforcement
of The Special Events Frequently Asked Questions (FAQ) and City Departmental
Policies; and,

5.      That this Court enter a judgment and decree declaring that Defendants'
enforcement, interpretation, and application of The Special Events Frequently
Asked Questions (FAQ) and City Departmental Policies against Plaintiff on June
29, 2019, violated Plaintiff's right to freedom of speech; and,

6.      That this Court adjudge, decree, and declare the rights and other legal relations
with the subject matter here in controversy, in order that such declaration shall
have the force and effect of final judgment; and,

7.      That this Court grant Plaintiff an award of nominal and/or compensatory damages
against Defendant City; and,

8.    That this Court grant Plaintiff an award of nominal and/or compensatory damages against Defendants LIEUTENANT PIERRE, OFFICER KIM, OFFICER BROWN, and DOES 1-5; and,

9.    That this Court retain jurisdiction of this matter for the purpose of enforcing any Orders; and,

10.   That this Court award Plaintiff's costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, Fed. R. Civ. P. 54, and 28 U.S.C. § 1920, or other applicable law; and,

11.    That this Court grant Plaintiff such other and further relief as may be just and proper.

## AS TO COUNT VI:

1.    That this Court assume jurisdiction of this matter; and,

2.    That this Court issue a preliminary and permanent injunction restraining and enjoining Defendants, and all persons acting in concert or participating with Defendants, from enforcing The Special Events Frequently Asked Questions (FAQ) and City Departmental Policies in the manner Defendants enforced them against Plaintiff on June 29, 2019; and,

3.    That this Court issue the requested injunctive relief without a condition of bond or other security; and,

4.    That this Court issue Declaratory Judgment under the Declaratory Judgment Act to determine Plaintiff's and Defendants' rights and duties regarding enforcement of The Special Events Frequently Asked Questions (FAQ) and City Departmental Policies; and,

5.      That this Court enter a judgment and decree declaring that Defendants'
        enforcement, interpretation, and application of The Special Events Frequently
        Asked Questions (FAQ) and City Departmental Policies against Plaintiff on June
        29, 2019, violated Plaintiff's right to the free exercise of religion; and,

6.      That this Court adjudge, decree, and declare the rights and other legal relations
        with the subject matter here in controversy, in order that such declaration shall
        have the force and effect of final judgment; and,

7.      That this Court grant Plaintiff an award of nominal and/or compensatory damages
        against Defendant City; and,

8.      That this Court grant Plaintiff an award of nominal and/or compensatory damages
        against Defendants LIEUTENANT PIERRE, OFFICER KIM, OFFICER
        BROWN, and DOES 1-5; and,

9.      That this Court retain jurisdiction of this matter for the purpose of enforcing any
        Orders; and,

10.     That this Court award Plaintiff's costs and reasonable attorneys' fees pursuant to
        42 U.S.C. § 1983, 42 U.S.C. § 1988, Fed. R. Civ. P. 54, and 28 U.S.C. § 1920, or
        other applicable law; and,

11.     That this Court grant Plaintiff such other and further relief as may be just and
        proper.

## AS TO COUNT VII:

1.      That this Court assume jurisdiction of this matter; and,

2.      That this Court issue a preliminary and permanent injunction restraining and
        enjoining Defendants, and all persons acting in concert or participating with them,

42

from enforcing The Special Events Frequently Asked Questions (FAQ) and City

Departmental Policies in the manner Defendants enforced them against Plaintiff

on June 29, 2019; and,

3.      That this Court issue the requested injunctive relief without a condition of bond or

other security; and,

4.      That this Court issue Declaratory Judgment under the Declaratory Judgment Act

to determine Plaintiff's and Defendants' rights and duties regarding enforcement

of The Special Events Frequently Asked Questions (FAQ) and City Departmental

Policies; and,

5.      That this Court enter a judgment and decree declaring that Defendants'

enforcement, interpretation, and application of The Special Events Frequently

Asked Questions (FAQ) and City Departmental Policies against Plaintiff on June

29, 2019, violated Plaintiff's right to due process; and,

6.      That this Court adjudge, decree, and declare the rights and other legal relations

with the subject matter here in controversy, in order that such declaration shall

have the force and effect of final judgment; and,

7.      That this Court grant Plaintiff an award of nominal and/or compensatory damages

against Defendant City in an amount to be determined by the trier of fact; and,

8.      That this Court grant Plaintiff an award of nominal and/or compensatory damages

against Defendants LIEUTENANT PIERRE, OFFICER KIM, OFFICER

BROWN, and DOES 1-5; and,

9.      That this Court retain jurisdiction of this matter for the purpose of enforcing any

Orders; and,

10.     That this Court award Plaintiff's costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, Fed. R. Civ. P. 54, and 28 U.S.C. § 1920, or other applicable law; and,

11.     That this Court grant Plaintiff such other and further relief as may be just and proper.

## AS TO COUNT VIII:

1.     That this Court assume jurisdiction of this matter; and,

2.     That this Court issue a preliminary and permanent injunction restraining and enjoining Defendants, and all persons acting in concert or participating with Defendants, from enforcing The Special Events Frequently Asked Questions (FAQ) and City Departmental Policies in the manner Defendants enforced them against Plaintiff on June 29, 2019; and,

3.     That this Court issue the requested injunctive relief without a condition of bond or other security; and,

4.     That this Court issue Declaratory Judgment under the Declaratory Judgment Act to determine Plaintiff's and Defendants' rights and duties regarding enforcement of The Special Events Frequently Asked Questions (FAQ) and City Departmental Policies; and,

5.     That this Court enter a judgment and decree declaring that Defendants' enforcement, interpretation, and application of The Special Events Frequently Asked Questions (FAQ) and City Departmental Policies against Plaintiff on June 29, 2019, violated Plaintiff's rights under Missouri's Religious Freedom Restoration Act, Section 1.302, Revised Statutes of Missouri; and,

44

6.      That this Court adjudge, decree, and declare the rights and other legal relations
        with the subject matter here in controversy, in order that such declaration shall
        have the force and effect of final judgment; and,

7.      That this Court grant Plaintiff an award of nominal and/or compensatory damages
        against the City; and,

8.      That this Court grant Plaintiff an award of nominal and/or compensatory damages
        against Defendants LIEUTENANT PIERRE, OFFICER KIM, OFFICER
        BROWN, and DOES 1-5; and,

9.      That this Court retain jurisdiction of this matter for the purpose of enforcing any
        Orders; and,

10.     That this Court award Plaintiff's costs and reasonable attorneys' fees pursuant to
        Missouri's Religious Freedom Restoration Act, or other applicable law; and,

11.     That this Court grant Plaintiff such other and further relief as may be just and
        proper.

Respectfully submitted this 25th day of June, 2020.

/s/ David Reese Fondren
David Reese Fondren #36340MO
Attorney at Law
7037 Holly Hills Ave.
St. Louis, MO 63123
Telephone: (636) 485-6743
Facsimile: (314) 727-4762
FondrenLegalCtr@aol.com
Local Counsel for Plaintiff


Frederick H. Nelson, Esq.
Florida Bar No.: 0990523
Lead Trial Counsel for Plaintiff
David J. Markese, Esq.
Florida Bar No.: 0105041
Co-counsel for Plaintiff
**AMERICAN LIBERTIES INSTITUTE**
P.O. Box 547503
Orlando, FL 32854-7503
Telephone: (407) 786-7007
Facsimile: (877) 786-3573
E-mail: rick@ali-usa.org
E-mail: dmakese@ali-usa.org
(Pending Admission *Pro Hac Vice*)